IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MONTGOMERY CARL AKERS,

           Plaintiff,

    v.                                CASE NO. 17-3094-SAC-DJW

KIM I. FLANNIGAN, et al.,

           Defendants.

## ORDER

Plaintiff is an inmate at the United States Penitentiary Marion, in Marion Illinois. He filed this pro se civil rights complaint under *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999 (1971). Plaintiff seeks damages and injunctive relief and alleges that defendants have violated plaintiff's constitutional rights by preventing him from accessing $250 million in funds and by contacting potential defense counsel to dissuade them from representing plaintiff. Plaintiff contends these actions have prevented him from accessing the courts.

This matter is before the court on plaintiff's motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915 without prepayment of the district court filing fees.[1] Section 1915(g) of 28 U.S.C. provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

---

[1] If a plaintiff is not granted in forma pauperis status under § 1915, the fee to file a non-habeas civil action includes the $350.00 fee required by 28 U.S.C. § 1914(a) and a $50.00 general administrative fee pursuant to § 1914(b) and the District Court Miscellaneous Fee Schedule prescribed by the Judicial Conference of the United States.

*Id.* This provision does not bar a prisoner with three strikes from filing civil actions, but it operates to eliminate the privilege to proceed in forma pauperis. A prisoner who has three strikes may still proceed in civil actions or appeals by prepaying the full filing fee. *See Jennings v. Natrona County Detention Center Medical Facility*, 175 F.3d 775, 778 (10th Cir. 1999); *see also Medberry v. Butler*, 185 F.3d 1190, 1193 n.2 (11th Cir. 1999) ("We note that 28 U.S.C. §1915(g) does not deny prisoners the right of access to the courts; it merely requires them to pay the filing fee immediately and in full rather than on an installment plan.")

Mr. Akers has long been designated a three-strikes litigant under Section 1915(g) and he has repeatedly been advised that absent a showing of imminent danger, he has lost the right to proceed in forma pauperis in federal court because of his repeated filing of frivolous lawsuits.[2] The court has examined the complaint and plaintiff's motion and finds that plaintiff does not allege a single fact to show he is in imminent danger of serious physical injury. Accordingly, plaintiff may proceed in this matter only if he pays the full district court filing fee.

IT IS THEREFORE BY THE COURT ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. #2) is denied, and that plaintiff is granted thirty (30) days from the date of this order to submit the $400.00 district court filing fee. The failure to pay the full filing fee by that deadline will result in the dismissal of this action without prejudice.

**IT IS SO ORDERED**.

Dated this 6th day of July 2017, in Kansas City, Kansas.

          **s/ David J. Waxse**
          **David J. Waxse**
          **U.S. Magistrate Judge**

---

[2] *See Akers v. Martin*, No. 13-cv-3086-SAC, *2 (D. Kan. June 11, 2013) (collecting cases, denying plaintiff's motion for leave to proceed in forma pauperis and finding plaintiff subject to the "3-strike" provision in Section 1915(g)).