IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MONTGOMERY CARL AKERS,

           Plaintiff,

v.                                           CASE NO. 17-3094-SAC-DJW

KIM I. FLANNIGAN, et al.,

           Defendants.

## MEMORANDUM AND ORDER

Plaintiff is an inmate at the United States Penitentiary Marion, in Marion Illinois. He filed this pro se civil rights complaint under *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999 (1971). Plaintiff seeks damages and injunctive relief and alleges that defendants have violated plaintiff's constitutional rights by preventing him from accessing $250 million in funds and by contacting potential defense counsel to dissuade them from representing plaintiff. Plaintiff contends these actions have prevented him from accessing the courts.

This matter is before the court on plaintiff's motion for reconsideration of the court's order denying plaintiff's motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915(g) because of plaintiff's status as a three-strikes litigant. (Doc. 4). In his motion, plaintiff contends that contemporaneously with his complaint he filed a "motion for initial hearing" [1] which the court failed to address before denying plaintiff's motion for leave to proceed in forma pauperis. Plaintiff contends that the court's order denying in forma pauperis status was premature, because plaintiff actually would have the ability to pay filing fees and retain counsel

---

[1] No such motion appears in the docket. Rather, plaintiff makes a request for hearing in the text of Plaintiff's Brief in Support and Sworn Affidavit Concerning Prepayment of Filing Fees in this Case, (Doc. #2-1) attached to his Application to Proceed Without Prepayment of Fees And Affidavit By A Prisoner, (Doc. #2).

if the court would grant his request for a preliminary hearing (at which plaintiff would argue the underlying merits of his case in order to gain purported access to necessary filing fees).

To bring a civil action in federal court, a prisoner with three or more strikes (such as plaintiff) must either pay the statutory filing fee required by 28 U.S.C. § 1914(a) or make "specific credible allegations of imminent danger of serious physical injury". *See Hafed v. Federal Bureau of Prisons,* 635 F.3d 1171, 1179 (10th Cir. 2011) (internal quotations omitted). The extent to which plaintiff has access (or not) to funds (whatever the source) has no bearing on his obligation to pay the filing fee. The court finds a hearing on the matter to be unnecessary and overrules plaintiff's motion for reconsideration.

Additionally, the time in which plaintiff was required to submit the fee has expired. Rule 41(b) of the Federal Rules of Civil Procedure "authorizes a district court, upon a defendant's motion, to order the dismissal of an action for failure to prosecute as well as for failure to comply" with a court order. *Young v. U.S.*, 316 Fed. App'x 764, 771 (10th Cir. 2009)(citing Rule 41(b)). "This rule has been interpreted as permitting district courts to dismiss actions sua sponte when one of these conditions is met." *Id*. (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003)). The court dismisses this action without prejudice pursuant to Rule 41(b) for failure to comply with the court's order of February 6, 2017, and for failure to comply with the statutory fee requirements.

**IT IS THEREFORE ORDERED** that plaintiff's motion for reconsideration (Doc. 4) is overruled, and the court denies plaintiff's request for a hearing.

**IT IS FURTHER ORDERED** that plaintiff's motion for ruling (Doc. 5) is overruled as moot.

**IT IS FURTHER ORDERED** that this action is dismissed and all relief is denied without prejudice pursuant to Rule 41(b)

**IT IS SO ORDERED**.

Dated this 8th day of November, 2017, at Topeka, Kansas.

<u>s/Sam A. Crow</u>
**U. S. Senior District Judge**